**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TAMAR HERMAN,

    *Plaintiff*,

v.

SOUTH ORANGE-MAPLEWOOD SCHOOL DISTRICT BOARD OF EDUCATION and FIEDELDEY CONSULTING, LLC,

    *Defendants*.

Civil Action No. 22-5873

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

Plaintiff, a public elementary school teacher, contends that on October 6, 2021, she mistakenly moved a student's hijab, partially exposing the student's hair. Plaintiff alleges that in the public aftermath, Defendants violated her constitutional and common law rights. The following motions are currently pending before the Court: (1) Plaintiff's motion for leave to file late notice of tort claims, D.E. 4; and (2) Defendant South Orange-Maplewood Board of Education's ("South Orange BOE" or the "BOE") partial motion to dismiss the Complaint, D.E. 23. The Court reviewed the submissions made in support and opposition to the motions[1] and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion is **DENIED** and South Orange BOE's motion is **GRANTED in part and DENIED in part**.

---

[1] The Court refers to Plaintiff's brief in support of its motion, D.E. 4-1, as "Tort Claims Br."; South Orange BOE's brief in opposition, D.E. 20, as "Tort Claims Opp."; and Plaintiff's reply, D.E. 26, as "Tort Claims Reply". The Court refers to South Orange BOE's brief in support of its motion to dismiss, D.E. 23-1, as "MTD Br."; Plaintiff's opposition brief, D.E. 27, as "MTD Opp." and South Orange BOE's reply brief, D.E. 28, as "MTD Reply."

I. **FACTUAL BACKGROUND[2] & PROCEDURAL HISTORY**

Plaintiff was a tenured teacher at the Seth Boyden Elementary School, which is part of the South Orange Maplewood School District. Compl. ¶¶ 10, 16. On October 6, 2021, Plaintiff asked a student in her class to "brush back" a hood that was partially blocking the student's eyes. *Id.* ¶¶ 18, 22. When the student did not respond, "Plaintiff gently brushed the student's hood back a few inches." *Id.* ¶ 23. The student regularly wore a form-fitting hijab to school and Plaintiff believed that the student was wearing her hijab under her hood because the hood did not resemble the type of hijab that the student usually wore. As she lightly touched the student's hood, Plaintiff saw the student's hair. *Id.* ¶¶ 20-21, 23-24. Plaintiff quickly re-set the hood and immediately apologized to the student. *Id.* ¶¶ 25-26.

Plaintiff characterizes the October 6 incident as "a simple misunderstanding." *Id.* ¶ 27. Plaintiff alleges that at first, the student's mother also believed that the incident was a misunderstanding. The mother changed course, however, after learning that Plaintiff is Jewish. Plaintiff alleges that the student's mother then used social media "to spread a false narrative with antisemitic overtones." *Id.* ¶¶ 28-29. Third parties subsequently "seized on the events," making Plaintiff the focus of local and national media attention. *Id.* ¶¶ 30-32.

On October 7, 2021, two union representatives, the Assistant Principal, and another teacher came to Plaintiff's classroom and told Plaintiff to leave. The two union representatives escorted Plaintiff off school premises. Immediately after, South Orange BOE placed Plaintiff on administrative leave. To date, Plaintiff remains on administrative leave and has not been allowed back into her classroom. *Id.* ¶¶ 35-36, 40-43. Plaintiff was not provided with a hearing or other

---

[2] The facts are derived from Plaintiff's Complaint ("Compl."). D.E. 1. When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

2

due process before being placed on leave. *Id.* ¶ 37. In addition, South Orange BOE referred the matter to the Essex County Prosecutor's Office ("ECPO") for investigation. On January 19, 2022, the ECPO concluded that it did not find enough evidence to move forward with criminal charges against Plaintiff. *Id.* ¶¶ 40-41.

Immediately after the October 6 incident, South Orange BOE issued several public statements. The Court addresses the substance of these statements in the analysis section below. South Orange BOE had also previously scheduled an anti-bias, diversity training session for October 12, 2021 with Defendant Fiedeldey Consulting, LLC ("Fiedeldey"). Fiedeldey purportedly relied on South Orange BOE's false assumptions regarding the incident during the training. Plaintiff alleges that the Fiedeldey presenter used a defamatory headline in his or her slide presentation and the October 6 incident as an example of implicit bias. Because the timing of the training, those in attendance were able to "connect[] the dots" to Plaintiff. *Id.* ¶¶ 60, 62, 63. Moreover, Fiedeldey failed to acknowledge that Plaintiff had been subjected to antisemitic epithets and threats after October 6. *Id.* ¶ 64. South Orange BOE also failed to denounce the antisemitism directed towards Plaintiff. *Id.* ¶ 67.

Plaintiff filed her Complaint on October 4, 2022. D.E. 1. Plaintiff asserts Section 1983 claims against the BOE, alleging violations of her due process and equal protection rights under the Fourteenth Amendment. Plaintiff also asserts claims alleging that the BOE violated her New Jersey State Constitutional rights via New Jersey Civil Rights Act ("NJCRA") claims. Plaintiff also asserts a New Jersey Law Against Discrimination claim against South Orange BOE. Finally, Plaintiff asserts claims against South Orange BOE and Fiedeldey for defamation, false light invasion of privacy, and civil conspiracy.

Plaintiff filed a notice of tort claims with South Orange BOE on September 22, 2022.

Genova Cert., Ex. I. On October 7, 2022, Plaintiff filed her motion seeking leave to file a late tort claims notice. D.E. 4. In addition, South Orange BOE filed its motion to dismiss certain counts of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 23. Defendant Fiedeldey answered the Complaint, D.E. 8, and does not join in or oppose either motion.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). A plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all well-pled factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss

the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols., LLC*, No. 10-2945, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### III. ANALYSIS

#### A. Due Process Claims

##### 1. New Jersey State Constitution Procedural Due Process Violations

In Counts Two and Four, Plaintiff alleges that South Orange BOE violated her procedural due process rights under the New Jersey State Constitution. Plaintiff indicates that she is asserting these claims under the NJCRA. Compl. at 16, 19. South Orange BOE argues that to the extent Plaintiff pleads a procedural due process claim, it must be dismissed because the NJCRA does not protect procedural due process rights. *See, e.g.*, MTD Br. at 10-11. The NJCRA "provides remedies only for the violation of substantive rights." *Tumpson v. Farina*, 95 A.3d 210, 225 (N.J. 2014). Specifically, the NJCRA provides a private cause of action to

> [a]ny person who has been deprived of any *substantive* due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any *substantive* rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those *substantive* rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

N.J. Stat. Ann. § 10:6-2 (emphases added). The NJCRA does not reference procedural rights. Thus, to the extent Plaintiff is asserting a procedural due process claim through the NJCRA in Counts Two and Four, she cannot do so.

Plaintiff counters that her "stray reference" to the NJCRA in Counts Two and Four were in error and she actually brings her procedural due process claims under Article I, paragraph 1 of the New Jersey Constitution. MTD Opp. at 12 n.3, 19. However, Plaintiff's reference to the

NJCRA in her state Constitutional violation claims is clear and does not appear to be a mistake or inadvertent.³  Plaintiff cannot amend her pleading through a brief to omit references to the NJCRA. *See Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984)).  Accordingly, the Court will not consider whether Plaintiff can assert a state constitutional violation claim outside of the NJCRA, or whether such claims are sufficiently pled.  Therefore, Count Four is dismissed as is Count Two to the extent it is premised on a procedural due process violation.

## 2. Administrative Leave Due Process Claims (Counts One and Two)

In Counts One and Two, respectively, Plaintiff alleges that the BOE violated her Fourteenth Amendment due process rights and her New Jersey State Constitution due process rights.  Plaintiff alleges that "[b]y stripping her of her tenured teaching position and placing her on administrative leave" without due process, South Orange BOE deprived Plaintiff of her rights guaranteed under federal and state law.  Compl. ¶¶ 76-89.  South Orange BOE argues that to the extent Plaintiff is asserting substantive due process claims in Counts One and Two, they fail because Plaintiff's tenured teaching position is not a protectable property interest.⁴  MTD Br. at 12.  In her opposition,

---

³ The Court notes that Plaintiff asserts a NJCRA claim in Count Six, her equal protection claim. Compl. ¶¶ 116-25.  Plaintiff, however, does not argue that her reference to the NJCRA in Count Six was also an error.

⁴ For a substantive due process claim challenging the validity of non-legislative state action, a plaintiff must establish that she has a protected, fundamental property interest. *Greco v. Adult Diagnostic & Treatment Ctr.*, No. 05-3869, 2007 WL 4264544, at *3 (D.N.J. Dec. 3, 2007). Courts, however, "have not recognized public employment as a fundamental right created by the Fourteenth Amendment, which would trigger substantive due process protection." *Id.*; *see also Nicholas v. Pa. State Univ.*, 227 F.3d 133, 140-42 (3d Cir. 2000) (explaining that tenured public employment is not a fundamental property interested entitled to substantive due process protection); *Filgueiras v. Newark Pub. Schs.*, 45 A.3d 986, 998 (N.J. Super. Ct. App. Div. 2012) ("An employee hired at will has no protected interest in his employment and may not prevail on a

Plaintiff clarifies that she is not asserting any substantive due process violation claims. MTD Opp. at 11. Accordingly, Defendant's motion to dismiss the substantive due process claims in Counts One and Two is granted.[5]

### 3. Stigma-Plus Due Process Claim (Count Three)

Next, South Orange BOE maintains that Count Three, Plaintiff's Section 1983 procedural due process claim based on a violation of her liberty interest in her reputation, Compl. ¶¶ 90-98, must be dismissed. The BOE argues that Plaintiff fails to sufficiently plead that it made any substantial and materially false statement about her, which is necessary to plead a stigma-plus procedural due process claim. *See* MTD Br. at 15-16.

Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 US.C. § 1983. Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015). A Section 1983 procedural due process claim requires a plaintiff to show that "(1) he

---

claim that his or her discharge constituted a violation of property rights.").

[5] South Orange BOE does not seek to dismiss Plaintiff's Section 1983 procedural due process claim based on the lack of hearing before Plaintiff was placed on administrative leave. MTD Br. at 13 n.1. Accordingly, Count One is not dismissed in its entirety.

was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006).

Plaintiff alleges that she has a protectable liberty interest in her reputation. Compl. ¶ 94. "Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971). However, "reputation *alone* is not an interest protected by the Due Process Clause." *Hill*, 455 F.3d at 236 (quoting *Versarge v. Township of Clinton*, 984 F.2d 1359, 1371 (3d Cir. 1993)) (emphasis in original). As a result, "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation *plus* deprivation of some additional right or interest." *Id.* (emphasis in original); *Sturm v. Clark*, 835 F.2d 1009, 1012 (3d Cir. 1987) ("[M]ere damage to reputation, apart from the impairment of some additional interest previously recognized under state law, is not cognizable under the due process clause."). In other words, this "stigma-plus" test provides that "reputation damage is not actionable unless 'it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution.'" *D & D Assocs., Inc. v. Bd. of Educ. of N. Plainfield*, 552 F. App'x 110, 113 (3d Cir. 2014) (quoting *Clark v. Township of Falls*, 890 F.2d 611, 619 (3d Cir. 1989)). The remedy for a stigma-plus due process violation is "a name-clearing hearing." *Brown v. Montgomery County*, 470 F. App'x 87, 91 (3d Cir. 2012).

A plaintiff satisfies the stigma-plus test within the context of public employment "when an employer 'creates and disseminates a false and defamatory impression about the employee in connection with his termination'" or other adverse employment decision. *Hill*, 455 F.3d at 236

(quoting *Codd v. Velger*, 429 U.S. 624, 628 (1977)); *Smith v. Borough of Dunmore*, 633 F.3d 176, 180-81 (3d Cir. 2011). The false impression is the stigma, and the termination is the plus. South Orange BOE only addresses the stigma prong. MTD Br. at 14. To satisfy the stigma prong, a plaintiff must allege "that the purportedly stigmatizing statement(s) (1) were made publicly, and (2) were false." *Hill*, 455 F.3d at 236 (internal citations omitted).

Plaintiff highlights four statements in the Complaint that purportedly support her stigma-plus claim. *See* MTD Opp. at 14. First, Plaintiff points to the October 7 letter from South Orange BOE to Plaintiff, in which the BOE informed Plaintiff that she was placed on administrative leave. Compl. ¶ 36. Plaintiff, however, does not allege that the letter or its contents were made public. As a result, Plaintiff cannot plead a stigma-plus claim based on this letter.

Next, Plaintiff identifies the October 7, 11, and 18 statements from the BOE. MTD Opp. at 14. Defendant contends that none of these statements are false or defamatory. MTD Reply at 5-6. The October 7 statement addressed the October 6 incident and "highlight[ed] the District's anti-bias and anti-racism training for all educators." Compl. ¶ 48. Plaintiff alleges that this statement "insinuate[es] that Plaintiff's actions were discriminatory and motivated by religious or other bias." *Id.* The October 11 statement included a link to a guide for parents to discuss Islamophobia and hate-based violence with children, along with the following statement: "We are hopeful and all agree that the alleged actions of one employee should not condemn an entire community." *Id.* ¶¶ 49-50. Finally, Plaintiff alleges that the October 18 statement focused on staff accountability and "framed Plaintiff as a bad actor." *Id.* ¶ 52. Viewing the Complaint in a light most favorable to Plaintiff, these statements satisfy the stigma prong. All three were public statements. And Plaintiff sufficiently pleads that the statements falsely imply that her conduct on October 6 was racist and discriminatory, when it was just "a simple misunderstanding." *Id.* ¶ 27.

South Orange BOE argues, in essence, that these statements are not false because they do not explicitly mention Plaintiff. MTD Br. at 15-16. But Plaintiff alleges that through the social media backlash, her name was made public. Compl. ¶¶ 28-34. Thus, even if South Orange BOE did not use Plaintiff's name, the references to "one employee," staff accountability, and discussions of the October 6 incident apparently concerned, and were made in reference to, Plaintiff. These allegations, along with Plaintiff's account of the incident, are sufficient for the Court to draw the reasonable inference that public statements were false. Accordingly, Plaintiff sufficiently pleads a stigma-plus due process claim, and Defendant's motion is denied as to Count Three.

### B. Equal Protection Claims (Counts Five and Six)

Next, South Orange BOE contends that Plaintiff fails to plead an equal protection claim because the Complaint does not include allegations demonstrating that Plaintiff was treated differently from similarly situated individuals. MTD Br. at 17-18. Plaintiff counters that she does not need to identify similarly situated individuals at the motion to dismiss stage. MTD Opp. at 24.

Plaintiff's equal protection claim is premised on allegations that South Orange BOE credited the student and student's family's version of events on October 6, rather than Plaintiff's account. Plaintiff contends that Defendant's concern with Islamophobia and its failure to also condemn the antisemitic public response constitute disparate treatment. Compl. ¶¶ 110-12, 120. Therefore, Plaintiff appears to compare herself to the student involved in the October 6 incident.

Again, Plaintiff asserts Section 1983 and NJCRA equal protection violation claims. Outside of the limitation on procedural violations, the "NJCRA was modeled after § 1983, [and so] courts in New Jersey have consistently looked at claims under the NJCRA through the lens of § 1983 and have repeatedly construed the NJCRA in terms nearly identical to its federal

10

counterpart." *Velez v. Fuentes*, No. 15-6939, 2016 WL 4107689, at *5 (D.N.J. July 29, 2016) (internal quotations and citation omitted); *see, e.g.*, *Waselik v. Township of Sparta*, No. 16-4969, 2017 WL 2213148, at *8 n.15 (D.N.J. May 18, 2017) (noting that the court had "not seen in the case law any indication that malicious prosecution is an exception to the general principle that NJCRA is construed in parallel to § 1983."). Therefore, the Court considers Plaintiff's Section 1983 and NJCRA equal protection claims together.

To establish a Section 1983 equal protection claim, a plaintiff must sufficiently allege that she is a member of a protected class and "received different treatment from that received by other individuals similarly situated." *Kazar v. Slippery Rock Univ. of Pa.*, 679 F. App'x 156, 162 (3d Cir. 2017) (quoting *Keenan v. City of Philadelphia*, 983 F.2d 459, 465 (3d Cir. 1992)). "Persons are similarly situated under the Equal Protection Clause when they are alike in all relevant aspects." *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (internal quotation omitted). A plaintiff must also include more than conclusory allegations as to the purported differential treatment. *See Watlington ex rel. FCI Schuylkill Afr. Am. Inmates v. Reigel*, 723 F. App'x 137, 139 (3d Cir. 2018). Accordingly, "the failure to identify other similarly situated individuals who were treated differently is fatal" to an equal protection claim. *Minor v. Dilks*, No. 19-18261, 2022 WL 3369707, at *5 (D.N.J. Aug. 16, 2022). Plaintiff and the student are not similarly situated. Plaintiff also implicitly concedes that she fails to identify any similarly situated individuals. Without such allegations, Plaintiff does not state an equal protection claim. Accordingly, Counts Five and Six are dismissed under Rule 12(b)(6).

### C.  Tort Claims (Counts Eight through Ten)

Plaintiff asserts the following common law claims: defamation, false light invasion of privacy, and civil conspiracy against the BOE and Fiedeldey.  Compl. ¶¶ 137-53.  Defendant

11

maintains that Plaintiff's tort claims must all be dismissed as to the BOE due to her failure to file timely notice of her claims. MTD Br. at 19-20. Plaintiff does not dispute that her September 22, 2022 notice was untimely. Plaintiff, however, contends that she substantially complied with the notice requirement, and in the alternative, seeks leave to file late notice of tort claim. Tort Claims Br. at 11-20.

A party that asserts a tort claim seeking damages from a public entity or public employee must comply with the New Jersey Tort Claims Act ("TCA"), which "establishes the procedures by which [such] claims may be brought." *D.D. v. Univ. of Med. & Dentistry of N.J.*, 61 A.3d 906, 915 (N.J. 2013) (quoting *Beauchamp v. Amedio*, 751 A.2d 1047, 1049 (N.J. 2000)). The TCA requires a plaintiff to file a notice of claim providing, among other things, "the date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted" and "[a] general description of the injury, damage or loss incurred so far as it may be known at the time of presentation of the claim." N.J. Stat. Ann. § 59:8-4. A claimant must file this notice with the entity involved in the wrongful act, or the New Jersey Attorney General, within ninety days of the claim's accrual. N.J. Stat. Ann. § 59:8-8.

If an individual fails to file within ninety days, "[t]he claimant shall be forever barred from recovering against a public entity or public employee . . . except as otherwise provided in [N.J. Stat. Ann. § 59:8-9]." N.J. Stat. Ann. § 59:8-8. N.J. Stat. Ann. § 59:8-9, in turn, provides that a judge may allow a claimant to file a late notice of claim within one year of a claim's accrual, if doing so would not cause substantial prejudice to the defendant and if the untimeliness was due to "extraordinary circumstances." N.J. Stat. Ann. § 59:8-9. The timing requirements are strictly construed, and a plaintiff who fails to comply is barred from recovering on his claims. *Niblack v. SCO Malbreen*, No. 15-5298, 2016 WL 1628881, at *3 (D.N.J. Apr. 25, 2016). In fact, "[f]ailure

to file a notice of claim is a ground for dismissal at the motion to dismiss stage." *Id.* (citing *William v. Westampton Police Dep't*, No. L-1144-13, 2014 WL 5393184, at *3 (N.J. Super. Ct. App. Div. Oct. 24, 2014)); *see also Ingram v. Township of Deptford*, 858 F. Supp. 2d 386, 400 (D.N.J. 2012).

The TCA notice requirement, however, "is not intended as 'a trap for the unwary.'" *Lebron v. Sanchez*, 970 A.2d 399, 406 (N.J. Super. Ct. App. Div. 2009) (quoting *Lowe v. Zarghami*, 731 A.2d 14, 27 (N.J. 1999)). Therefore, "substantial rather than strict compliance with the notice requirements of the Act may satisfactorily meet the statute's mandates." *Id.* Substantial compliance means that "notice has been given in a way, which though technically defective, substantially satisfies the purposes for which notices of claims are required." *Id.* at 406. To establish substantial compliance, a plaintiff must demonstrate the following:

> (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not strict compliance with the statute.

*H.C. Equities, LP v. County of Union*, 254 A.3d 659, 671 (N.J. 2021).

        1.     **Substantial Compliance**

Plaintiff first argues that she substantially complied with the notice requirements through October 7 and 15, 2021 emails her attorney sent to South Orange BOE's outside counsel. Plaintiff continues that through these emails, South Orange BOE "had functional notice of Herman's claims from their inception." Tort Claims Br. at 12. The Court disagrees.

Plaintiff's tort claims involve the BOE's October 7, 11, and 18 public statements, and Fiedeldey's October 12 training. Compl. ¶¶ 137-48. The October 7 email discusses Plaintiff's suspension and Plaintiff's version of the October 6 incident. *See* Genova Cert., Ex. A. The October 15 email involves obtaining access Plaintiff's personnel file. *Id.*, Ex. B. Neither email

13

addresses any statements made by South Orange BOE or Fiedeldey, or the October 12 training. Moreover, the October 7 email pre-dates the substance of Plaintiff's tort claims, and the October 15 email predates the October 18 statement. Although a claimant does not need to name specific causes of action or legal theories, neither email provides South Orange BOE with any notice of the defamation-based tort claims Plaintiff now asserts, that Plaintiff intended to sue South Orange BOE, or that Fiedeldey played a culpable role in Plaintiff's tort claims. Consequently, Plaintiff does not satisfy the reasonable notice prong.

In addition, Plaintiff fails to set forth what steps she took to otherwise comply with the TCA, and it appears that Plaintiff took no further action with respect to her notice of tort claims until she filed her notice almost a year later. *See* Genova Cert., Ex. I. Plaintiff also argues that the BOE had notice of Plaintiff's claims through the student's Notice of Tort Claims. Tort Claims Reply at 5-6. But the student's notice addresses several incidents that occurred in Plaintiff's classroom, including the October 6 incident. It does not address the Fiedeldey training or the BOE's statements after the October 6 incident, which are the subject of Plaintiff's tort claims.

Finally, Plaintiff attempts to construe notice through two documents. This approach of using multiple documents, however, was recently rejected by the New Jersey Supreme Court. *See H.C. Equities, LP*, 254 A.3d at 671 ("The Legislature clearly envisioned that a claimant would disclose to a public entity its tort causes of action in a single document."). Accordingly, there is no basis for the Court to conclude that Plaintiff substantially complied with the notice requirement of the TCA through the October emails.

### 2. Leave for Late Notice of Claims

In the alternative, Plaintiff seeks leave to file untimely notice of her tort claims. Tort Claims Br. at 13-20. As noted, a court may allow a claimant to file a late notice of claim within

14

one year of a claim's accrual if doing so would not cause substantial prejudice to the defendant and if the untimeliness was due to "extraordinary circumstances." N.J. Stat. Ann. § 59:8-9. Plaintiff argues that extraordinary circumstances exist because of the related criminal investigation and the student's civil suit. South Orange BOE counters that neither of these events constitute extraordinary circumstances. Tort Claims Opp. at 15-18. "Extraordinary circumstances" is not defined by the statute, but courts have noted that its inclusion created "a more demanding" and "high standard" for a late filing. *Rogers v. Cape May Cnty. Off. of Pub. Def.*, 31 A.3d 934, 942; *D.D.*, 61 A.3d at 917. A court must make this determination on a case-by-case basis but "[a]ny doubts should be resolved in favor of the application so that cases may be heard on their merits." *Bayer v. Township of Union*, 997 A.2d 1118, 1129 (N.J. Super. Ct. App. Div. 2010) (citing *Feinberg v. Dep't of Env't Prot.*, 664 A.2d 593, 597 (1994)).

With respect to the criminal investigation, Plaintiff maintains that she did not want to file notice during the investigation so she "could not possibly prejudice her[self] in the criminal investigation." Tort Claims Br. at 8. But a "desire not to aggravate law enforcement officials [does] not constitute extraordinary circumstances so as to excuse his late filing." *Bayer*, 997 A.2d at 1130. Moreover, the ECPO issued a press release in January 2022 stating that it would not pursue criminal charges against Plaintiff due to insufficient evidence. Jan 20, 2023 Genova Cert. ¶ 3, Ex. A. Plaintiff, however, waited more than six months later to file her Notice of Claim.

Turning to the civil suit, the student filed civil claims against Plaintiff and the South Orange BOE on March 4, 2022. Genova Cert. ¶ 13. Plaintiff contends that she could not file notice while the civil suit was pending because she shared "a limited common interest in the defense" and the parties "pursued their mutual defense through the conclusion of the lawsuit." *Id.* ¶ 14. The civil suit, however, appears to be an open matter. *See Wyatt v. Herman*, ESX-L-1491-22. Moreover,

Plaintiff's counsel raised concerns about a potential conflict of interest if the case did not resolve because Plaintiff intended to file claims against the District. Jan. 20, 2023 Genova Cert. ¶¶ 6-7. Given Plaintiff's counsel's representation that Plaintiff may have claims against the BOE, it is unclear why Plaintiff needed to resolve the civil suit before Plaintiff could file notice with the South Orange BOE.

In sum, Plaintiff has not shown extraordinary circumstances. As a result, the Court cannot grant Plaintiff leave to file late notice of tort claim. In addition, Plaintiff filed her September 2022 notice without leave of court and before filing her motion for leave to file late notice of claim. But "the filing of a late notice of claim with an entity without leave of court is a nullity." *Rogers*, 31 A.3d at 941. Accordingly, Plaintiff failed to file appropriate notice with South Orange BOE.

South Orange BOE argues that if the Court denies Plaintiff's motion for leave to file late notice of tort claim, Plaintiff's tort claims must be dismissed. MTD Br. at 19-20. The "[f]ailure to file a notice of claim is a ground for dismissal at the motion to dismiss stage" and a plaintiff is forever barred from recovering on her claims. *Niblack*, 2016 WL 1628881, at *3. Accordingly, Plaintiff's tort claims are dismissed as to South Orange BOE due to Plaintiff's untimely notice.[6] These claims are dismissed with prejudice.

IV.   **CONCLUSION**

For the foregoing reasons, and for good cause shown,

IT IS on this 15th day of March, 2023

**ORDERED** that Plaintiff's motion for leave to file late tort claims notice, D.E. 4, is **DENIED**; and it is further

---

[6] Because Plaintiff's common law claims are dismissed due to Plaintiff's failure to comply with the TCA notice requirement, the Court does not reach Defendant's remaining arguments to dismiss these claims.

**ORDERED** that Defendant South Orange-Maplewood Board of Education's partial motion to dismiss, D.E. 23, is **GRANTED in part and DENIED in part**; and it is further

**ORDERED** that Defendant's motion is **GRANTED** with respect to Count One, to the extent Plaintiff pleads a substantive due process claim, Counts Two, Four through Six, and Eight through Ten. Accordingly, these counts of the Complaint are dismissed; and it is further

**ORDERED** that Counts Eight through Ten are **DISMISSED with prejudice**; and it is further

**ORDERED** that the substantive due process claim in Count One, Counts Two, and Four through Six are **DISMISSED without prejudice**. Plaintiff shall have thirty (30) days to file an amended complaint that cures the deficiencies noted herein. If Plaintiff does not file an amended pleading within that time, the claims dismissed herein will be dismissed with prejudice; and it is further

**ORDERED** that Defendant's motion is otherwise **DENIED**.

_____
John Michael Vazquez, U.S.D.J.